## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO:

ROBERTO COREANO,

    Plaintiff(s),

v.

FURNITURE LQUIDATORS
USA INC., and SAJID MUNIR
individually,

    Defendants.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERTO COREANO ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, FURNITURE LIQUIDATORS USA, INC., ("FLUI") and SAJID MUNIR, ("MUNIR"), on behalf of himself, and alleges as follows:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of overtime during the course of his employment by unlawfully misclassifying Plaintiff as an independent contractor. This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff during the course of his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Polk County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, was a Florida for-Profit Corporation operating its business at 10407 Rocket Boulevard, Orlando, Florida 32824, and licensed to transact business in Florida within the jurisdiction of this Honorable Court.

4. Defendant was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

5. All acts and omissions giving rise to this dispute took place within Lakeland Florida, within the jurisdiction of this Honorable Court.

6. Defendant regularly transacts business in Polk County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

7. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

8. Defendant is a design furniture store that sells mattresses and furniture for bedrooms, living rooms, kitchens, dining areas, outdoor areas, entertainment areas, etc. Defendant also provides delivery and installation services of its furniture goods to customers.

9. Defendant employs individuals such as Plaintiff to provide such delivery and installation services to customers within the Orlando area.

## FLSA COVERAGE

10. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant's business and Plaintiff's work for affected interstate

commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

11. During his employment with Defendant, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to the following: mattresses, tables, lamps, chairs, sofas, beds, bed frames, desks, couches, home décor, frames, mirrors, entertainment sets, accent furniture, packing boxes, screw drivers, screws, packing materials, etc.

12. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

13. Upon information and belief, Defendant has grossed in excess of $500,000.00 in 2018 and 2019, and is expected to gross in excess of $500,000.00 in 2020.

14. During all material times hereto, Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

15. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of Defendant; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

16. Moreover, the economic realities of Plaintiff's work for Defendant rendered Plaintiff an employee and not an independent contractor. Defendant provided Plaintiff equipment and tools to perform delivery and installation work, Defendant provided and required Plaintiff

and other similar employees to wear a uniform, Defendant controlled and directed the work performed by Plaintiff, Defendant set Plaintiff's work hours and responsibilities, and Plaintiff relied upon Defendant for his employment and work and was not free to actively work elsewhere during the time periods that Defendant scheduled him to work.

## PLAINTIFF'S WORK FOR DEFENDANT

17. In or about July 2018, Defendants hired Plaintiff to perform delivery and installation services to Defendants' customers within the Orlando area.

18. After hiring Plaintiff, Defendant intentionally misclassified Plaintiff as an independent contractor so they could avoid having to pay federal taxes to the Internal Revenue Service ("IRS") and instead require Plaintiff to solely incur this tax penalty.

19. Defendants paid Plaintiff at a regular hourly rate of fourteen dollars ($14.00) per hour.

20. During his employment, Plaintiff regularly worked in excess of forty (40) hours per week but was not properly compensated in accordance with the FLSA for all of the overtime hours he worked.

21. Indeed, Defendants would regularly deduct thirty (30) minutes per day from Plaintiff's pay checks, regardless of whether he worked through his lunch periods.

22. Defendant was expressly aware of the work performed by Plaintiff, and in fact instructed and directed Plaintiff to perform much (if not all) of this work, but nevertheless required Plaintiff to continue working without receiving proper compensation for the hours worked during the relevant period of his employment.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS

23. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 22 as though set forth fully herein.

24. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

25. During the time period relevant to this lawsuit, Plaintiff regularly worked in excess of forty (40) hours per week.

26. However, Defendants failed to properly compensate Plaintiff at a rate of time-and-one-half his regular hourly rate for hours worked over forty (40) per week as required under the FLSA.

27. Further, Defendants regularly deducted thirty (30) minutes per day from Plaintiff's pay checks, regardless of whether Plaintiff worked through his lunch breaks.

28. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

29. Plaintiff received a regular hourly rate of fourteen dollars ($14.00) per hour. However, Defendant failed to pay Plaintiff at his proper overtime rate of time-and-one-half his regular hourly rates for all hours of work Plaintiff performed in excess of forty (40) each week.

30. Accordingly, Plaintiff is entitled to overtime wages at the rate of twenty-one dollars ($21.00) per hour for each hour worked over forty (40) in any given workweek.

31. Accordingly, Plaintiff is entitled to recover damages for federal overtime wage violations during his employment.

32. However, Defendants intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to their compliance with federal overtime law. Plaintiff is therefore entitled to liquidated (double) damages under federal law.

33. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid

overtime compensation as required by *29 U.S.C. § 216(b)* and any such further damages as may be shown at the time of trial.

34. Plaintiff has been required to retain the undersigned law firm to prosecute his claims and is therefore entitled to recover attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, ROBERTO COREANO respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, FURNITURE LIQUIDATORS USA, INC., ("FLUI") and SAJID MUNIR, ("MUNIR"), and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendants, jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ROBERTO COREANO, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 4th day of January 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Roberto Coreano*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 4, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: